OSCN Found Document:Question Submitted by: The Honorable Scott C. Martin, State Representative, District 46

OSCN navigation

Home

Courts

Court Dockets

Legal Research

Calendar

Help

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

Question Submitted by: The Honorable Scott C. Martin, State Representative, District 462014 OK AG 1Decided: 01/13/2014Oklahoma Attorney General Opinions
Cite as: 2014 OK AG 1, __ __

¶0 This office has received your request for an official Attorney General
Opinion in which you ask, in effect, the following question:Are audio
recordings of state district court proceedings subject to disclosure under the
Oklahoma Open Records Act, 51 O.S.2011 & Supp.2013, §§
24A.1 - 24A.29?
¶1 We have learned through research and conversations
that the specific records about which you inquire are tape recordings of
district court proceedings that have been filed with a district court clerk. We,
therefore, analyze your request in that context, and conclude that sound
recordings of court proceedings filed with or kept in the custody of a district
court clerk are open records unless they are properly sealed by court order or
specifically exempted from disclosure by law.
I.
The Open Records Act
¶2 The Oklahoma Open Records Act ("Act") makes
unequivocal the policy of the State of Oklahoma to make most records of public
bodies open for public inspection or copying. The Act specifically provides as
follows:

[I]t is the public policy of the State of
Oklahoma that the people are vested with the inherent right to know and be fully
informed about their government. The Oklahoma Open Records Act shall not create,
directly or indirectly, any rights of privacy or any remedies for violation of
any rights of privacy; nor shall the Oklahoma Open Records Act, except as
specifically set forth in the Oklahoma Open Records Act, establish any
procedures for protecting any person from release of information contained in
public records. The purpose of this act is to ensure and facilitate the
public's right of access to and review of government records so they may
efficiently and intelligently exercise their inherent political power.
The privacy interests of individuals are adequately protected in the specific
exceptions to the Oklahoma Open Records Act or in the statutes which authorize,
create or require the records. Except where specific state or federal
statutes create a confidential privilege, persons who submit information to
public bodies have no right to keep this information from public access nor
reasonable expectation that this information will be kept from public
access; provided, the person,
agency or political subdivision shall at all times bear the burden of
establishing such records are protected by such a confidential
privilege.
51 O.S.2011, § 24A.2 (emphasis added)
(footnote omitted).
¶3 For the purposes of the Act, a record is defined as:

[A]ll documents, including, but not limited to, any book, paper, photograph,
microfilm, data files created by or used with computer software, computer tape,
disk, record, sound recording, film recording, video record or
other material regardless of physical form or characteristic, created by,
received by, under the authority of, or coming into the custody, control or
possession of public officials, public bodies, or their representatives in
connection with the transaction of public business, the expenditure of public
funds or the administering of public property.
Id. § 24A.3 (emphasis added).
¶4 A public body, as defined by the Act, includes, but is not limited to:

[A]ny office, department, board, bureau, commission, agency, trusteeship,
authority, council, committee, trust or any entity created by a trust, county,
city, village, town, township, district, school district, fair board,
court, executive office, advisory group, task force, study group,
or any subdivision thereof, supported in whole or in part by public funds or
entrusted with the expenditure of public funds or administering or operating
public property, and all committees, or subcommittees
thereof.
Id. § 24A.3(2) (emphasis added). A public official, under the Act,
includes "any official or employee of any public body" Id. §
24A.3(4).
¶5 We have previously held that the offices of court clerks are public bodies
as defined in the Open Records Act. See A.G. Opin. 99-58, at 282. We have
also held that a court clerk is a public official as defined in the Open Records
Act. See A.G. Opin. 09-27, at 187. Finally, a court is expressly defined
as a public body in the Open Records Act. 51 O.S.2011, § 24A.3(2).
II.
Records maintained by a court clerk
¶6 In all state courts of record, the court clerk "shall keep the records and
books and papers appertaining to the court and record its proceedings." 12
O.S.2011, §§ 33-34. The court record for a specific proceeding consists of "the
petition, the process, return, the pleadings subsequent thereto, reports,
verdicts, orders, judgments, and all material acts and proceedings of the
court[.]" 12 O.S.2011, §
32.1. This record is also referred to as a "judgment roll." See Chickasaw
Tel. Co. v. Drabek, 921 P.2d 333, 334 n.2 (Okla. 1996). However, the
records maintained by court clerks are not limited to the "judgment roll" in any
particular action. Court clerks may also maintain "other records as may be
ordered by the court or required by law." 12 O.S.2011, § 22.
¶7 Oklahoma's state and federal courts have consistently held that documents
filed of record in court proceedings are public records subject to disclosure
under both common law and Oklahoma's Open Records Act. See Nichols v.
Jackson, 55 P.3d
1044, 1046 (Okla. 2002); Search of 1638 E. 2nd St., Tulsa, Okla. v. United
States, 993 F.2d 773, 775 (10th Cir. 1993); see also A.G. Opin.
99-58, at 285 (determining that once records are filed with a court clerk, they
must ordinarily be made available for public inspection and copying at the
office of the court clerk). Moreover, even where a document is not filed of
record in a court proceeding but is otherwise received by, maintained under the
authority of, or comes into the custody, control or possession of a court clerk
(a public official), or the office of a court clerk (a public body), it is still
a "record" and subject to the disclosure requirements set forth in the Open
Records Act. 51 O.S.2011, §§
24A.3, 24A.5. However, the public's right to access such records is not
absolute. See A.G. Opin. 09-12, at 75 (stating that a record as defined
by the Act "is subject to disclosure unless some provision of law allows it to
be kept confidential"). Specifically, the Open Records Act exempts records
protected by privilege or otherwise deemed confidential by state or federal
statute or sealed by court order. In re Search of 1638 E. 2nd St., Tulsa,
Okla., 993 F.2d at 775; Nichols v. Jackson, 38 P.3d 228, 231 (Okla. Crim. App. 2001); see also
51 O.S.2011, §§
24A.2, 24A.5(1). Specific procedures are in place at Sections 24A.251 and 24A.29 for
withholding or removing of pleadings or other material from a public
record.
III.
Electronic Recordings of Court
Proceedings Maintained by a Court Clerk
¶8 Audio or sound recordings of court proceedings may be made upon order of a
court pursuant to 20 O.S.2011, §
106.4(A), that states, "[i]n any trial, hearing or proceedings, the judge
before whom the matter is being heard may, unless objection is made by a party
or counsel, order the proceedings electronically recorded." Id.
Thereafter, such recordings may be filed with or maintained by a court clerk
pursuant to 12 O.S. 2011, §§
22, 32.1. Notably, "sound recording[s]  created by, received by, under the
authority of, or coming into the custody, control or possession of public
officials, public bodies, or their representatives in connection with the
transaction of public business, the expenditure of public funds or the
administering of public property" are expressly defined as public records in the
Open Records Act. 51 O.S.2011, § 24A.3(1). Accordingly, sound
recordings of court proceedings filed with or maintained by a court clerk are
open records.
¶9 In Fabian & Associates v. State ex rel. Department of Public
Safety, 100 P.3d
703 (Okla. 2004), the Oklahoma Supreme Court examined the issue of whether
an audio tape recording of an administrative hearing was an open record.
Although the tape recording was made pursuant to a statute governing
administrative hearings as opposed to district court hearings, the Supreme Court
noted that a record, as defined by the Open Records Act, was "broad enough to
include any method of memorializing information . . . either
created or received by the public bodies and public officials as defined in the
act." Id. at 705 (emphasis added). Pursuant to this analysis, an audio
recording of a district court proceeding that is filed with or maintained by a
court clerk is an open record. As always, however, such records may be exempt
from disclosure when properly sealed by a court order or if they are otherwise
deemed confidential or privileged as a matter of law. See
51 O.S.2011, §§
24A.2, 24A.5(1).

¶10 It is, therefore, the official Opinion of the Attorney General that:
Audio recordings of court proceedings filed with or maintained by court
clerks are public records and are subject to disclosure under the Oklahoma Open
Records Act unless they are properly sealed by court order or specifically
exempt from disclosure by law. 51 O.S.2011 & Supp.2013, §§
24A.1 - 24A.29; Fabian & Assoc. v. State ex rel. Dep't of Pub.
Safety, 100 P.3d
703, 705 (Okla. 2004).
E. SCOTT PRUITTAttorney General of Oklahoma
Kari Y. HawkinsAssistant Attorney General
FOOTNOTES
1 "Any order of the court for
removal of materials from the public record shall require compliance with the
provisions of paragraphs 2 through 7 of subsection C of Section 3226 of Title 12
of the Oklahoma Statutes." Id.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 2001 OK CR 35, 38 P.3d 228, 72 OBJ 3717, NICHOLS v. JACKSONCited
Oklahoma Supreme Court Cases
 CiteNameLevel

 2002 OK 65, 55 P.3d 1044, NICHOLS v. JACKSONCited
 2004 OK 67, 100 P.3d 703, FABIAN & ASSOCIATES, P.C. v. STATE ex rel. DEPT. OF PUBLIC SAFETYDiscussed
 1996 OK 76, 921 P.2d 333, 67 OBJ 2232, Chickasaw Telephone Co. v. DrabekCited
Title 12. Civil Procedure
 CiteNameLevel

 12 O.S. 22, District Court Clerk Shall Keep Certain RecordsDiscussed
 12 O.S. 32.1, Contents of RecordCited
Title 20. Courts
 CiteNameLevel

 20 O.S. 106.4, Methods and Duties of Court ReporterCited
Title 51. Officers
 CiteNameLevel

 51 O.S. 24A.3, DefinitionsDiscussed at Length
 51 O.S. 24A.1, Short TitleDiscussed
 51 O.S. 24A.2, Political Power - Public Policy and Purpose of ActDiscussed at Length